CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
OCT 1 3 2005
JOHN F. CORCORAN, CLERK
BY: /s/ Paul Coleman
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| GARY STERN, ET AL., <br><br> *Plaintiffs,* <br><br> v. <br><br> LYNCHBURG AREA LOCAL 1602, ET AL., <br><br> *Defendants.* | CIVIL ACTION NO. 6:04-CV-00058 <br><br><br> MEMORANDUM OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on Plaintiff's Motion to Reconsider, filed on September 9, 2005. For the following reasons, the Court DENIES the Plaintiffs' Motion.

**Background**

This case came before the Court on Plaintiffs' claim that Defendants violated their duty of fair representation by arbitrarily failing to include Plaintiffs among the beneficiaries of a settlement between the Lynchburg Area Local 1602, American Postal Workers Union, AFL-CIO ("the Local") and the United States Postal Service ("Postal Service"). The settlement arose out of the Postal Service' use of casual employees in lieu of permanent workers in various areas of the Lynchburg postal facility. This use violated the National Agreement between the Postal Service and the American Postal Workers Union ("AWPU"), and the Local filed a grievance which it settled with the Postal Service on March 19, 2004. Pursuant to the settlement, the Postal Service agreed to pay the Local $300,000 to be distributed among employees designated by the AWPU. The AWPU ceded decision-making on this issue to the Local, which reviewed clock records and

designated as beneficiaries employees in the manual and letter automation areas. Plaintiffs, who work in the flat sorter and LIP areas, objected and brought this suit. On August 25, this Court granted summary judgment for the Defendants.

In their Motion to Reconsider, Plaintiffs argue that the Court failed to consider evidence that casual employees worked in the flat sorter and LIP areas in violation of the National Agreement. They specifically cite several pieces of evidence already in the record to show that a genuine issue of fact existed precluding summary judgment. First, they note that Defendants' own initial brief stated that casual employees worked in areas 964 and 966, inter alia, in violation of the National Agreement, and that these areas were in fact flat sorter areas. Second, they note that Butch Tinnell, who was president of the Local at the time of the settlement distribution, stated in his first declaration that no casuals worked in flat sorter areas. In his second declaration, however, he stated that although casuals did work in those areas, their use was too sporadic to violate the National Agreement. This difference, they argue, creates an issue of material fact. Third, they argue that the evidence shows casual employees worked in the flat sorter area for over one year; a jury could find this period to be a greater span than the "limited term" allowed by the National Agreement and thus find that the use of casuals violated the National Agreement. Fourth, they argue that a jury could find that the Local officials who selected the settlement beneficiaries acted in bad faith.

**Standard of Review**

The Court treats a Motion to Reconsider under Rule 59(e) as a motion to alter or amend judgment. Grounds for altering or amending a previous judgment are: (1) to accommodate an intervening change in law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or manifest injustice. *EEOC v. Lockheed Martin*, 116 F.3d 110 (4th Cir.

1997); *Morrow v. Harkleroad*, 258 F. Supp. 2d 418 (W.D.N.C. 2003). Here, the first two grounds are inapposite. There has been no intervening change in the law, and all of the evidence cited in the Plaintiffs' Motion was available on summary judgment as well. Hence, the Court considers whether there has been a clear error of law or a manifest injustice.

## Discussion

Plaintiffs first argue that the Court failed to consider Defendant's statement in its initial brief:

> The former Local President Jimmy Franklin and then-President Butch Tinnell reviewed the time records and clock rings of the casuals utilized by the Postal Service and determined the Postal Service utilized casual employees in-lieu-of Postal employees in violation of the National Agreement in positions in the following areas, 044, 050, 074, 180, 210, 872, 874, 876, 891, 894, **964 and 966**.

Defendant's Memorandum in Support of Motion to Dismiss, or in the alternative, for Summary Judgment, at p. 14 (citing Tinnell 1st Dec. ¶¶ 14, 17, 19) (emphasis added).

A court may consider admissions in the pleadings on summary judgment. *EEOC v. Virginia Carolina Veneer Corp*, 495 F. Supp. 775 (W.D. Va. 1980) (holding that a pleading prepared by an attorney is an admission by one presumed to speak for his principal). A district court has discretion to determine when a statement will be construed as a judicial admission. *See Meyer v. Berkshire Life Ins. Co.*, 372 F.3d 261, 264 (4th Cir. 2004); *New Amsterdam Cas. Co. v. Waller*, 323 F.2d 20, 24 (4th Cir. 1963). The Fourth Circuit, however, has generally ruled that a statement in an opposing party's brief does not create an issue of material fact sufficient to defeat summary judgment. *Northern Ins. Co of N.Y. v. Baltimore Bus. Commc'n.*, 68 Fed. Appx. 414, 421 (4th Cir. 2003) (holding that statements in memoranda, unlike pleadings, do not generally constitute binding judicial admissions); *Ryan v. Eli Lilly and Co*, 514 F. Supp. 1004 (D.S.C.

1981) (holding that briefs or memoranda of parties may not be considered to show what facts are in dispute); *Cole v. Ross Coal Co.*, 150 F. Supp. 808, 809-10 (D.W.Va. 1957) (holding that admissions in briefs are not properly considered on summary judgment because the briefs are not part of the record).

In this case, a close look at the underlying declaration supports the general Fourth Circuit rationale. In his first declaration, Tinnell only said that casuals worked in specified areas, not that they worked there in violation of the National Agreement ("Mr. Franklin and I determined that the casual employees worked in positions in the following areas, designated by the codes used in the clock rings: 030, 044, etc." Tinnell 1st Dec.¶19). It appears to be the writer of the brief rather than Tinnell himself who included the words "in violation of the National Agreement." This issue of whether casuals worked in violation of the National Agreement or in a way permitted by it lies at the center of this case, and hence the difference between the two statements is important. Defendant's brief was based on actual evidentiary material, and it is this material, rather than the Defendant's brief, that the Court must consider. The Court is thus not required to treat the statement in Defendant's brief as a judicial admission, and Plaintiff's first argument for reconsideration fails.

Plaintiff also contends that the differences between Tinnell's First Declaration and Second Declaration create a triable issue of fact. Specifically, Plaintiff points out that Tinnell stated in his first declaration that no casuals worked in the flat sorter yet stated that casuals did work in areas 964 and 966, which were flat sorter areas. Once his mistake was brought to his attention, he changed his position to state that although casuals worked in the flat sorter area, their presence did not violate the National Agreement. Plaintiffs are correct that Tinnell's declarations are

4

somewhat inconsistent, but incorrect in the weight they attach to those contradictions. It is initially noteworthy that Tinnell never said in either declaration that casuals worked in clock ring areas 964 and 966 *in violation of the National Agreement*. And neither this internally contradictory first declaration nor his later statement (i.e., although casuals worked in the flat sorter area they did not violate the National Agreement) creates a triable issue of fact.

It is well settled that a party opposing summary judgment must present evidentiary matter showing that there is a genuine issue of material fact. *Levey v. E. Steward Mitchell, Inc.*, 585 F. Supp. 1030 (D. Md. 1984); Fed. R. Civ. P. 56(e); 10A Charles Alan Wright, Arthur R. Miller, & Mary K. Kane, Federal Practice and Procedure § 2721 (3d ed. 1998). Here, rather than producing positive evidence of the Local's breach of its duty, Plaintiff treats the contradiction in Defendant's testimony as a sort of smoking gun, apparently believing that because Defendant's evidence is contradictory, an issue of material fact exists. In fact, however, this contradiction is a distinction without a difference; neither of Tinnell's declarations demonstrates that casuals worked in the flat sorter area *in violation of the National Agreement*. Further, Plaintiff has produced no evidence sufficient to show that this contradiction reveals such a violation. Regardless of whether no casuals worked in the flat sorter area or casuals worked there in compliance with the Nation Agreement, neither set of facts allows the Plaintiff to recover.

Indeed, the Defendant's inconsistency here does not rise to the high level of misconduct needed for a court to overturn a union decision. Simple negligence, ineffectiveness, or poor judgment is insufficient. Rather, the union's conduct must be grossly deficient or reckless as to members' rights, *Ash v. United Parcel Service*, 800 F.2d 409 (4th Cir. 1986), or so far outside the range of reasonableness as to be wholly irrational. *Airline Pilots Assn v. O'Neill*, 499 US 65, 78

5

(1991); *Thompson v. Aluminum Company of America*, 276 F.3d 651, 657 (4th Cir. 2002). The union's exercise of judgment need not appear wise in the glaring light of hindsight, and a violation of duty of fair representation is not made out by showing the union made a mistake in judgment. *Smith v. Local 7898, United Steelworkers of America*, 834 F.2d 93, 96 (4th Cir. 1987); *Thompson*, 276 F.3d at 658. As long as the union does not arbitrarily ignore a meritorious grievance or handle it in a perfunctory manner, it has not violated its duty of fair representation. *Thompson*, 276 F.3d at 658. Further, the union may screen grievances and only pursue those it feels justify the time and expense to membership. *Griffin v. International Union*, 469 F.2d 181, 183 (4th Cir. 1972). The Local's uncontroverted evidence shows that it investigated the use of casuals in the Lynchburg facility and made a reasoned decision as to the distribution of the settlement. At best, Plaintiff's evidence might suggest that the Local made a mistake. Under the deferential standard described above, however, Plaintiff offers no evidence sufficient to show that the union violated its duty of fair representation.

Plaintiff also argues that summary judgment was erroneous because the record shows that casuals worked in the flat sorter area for over a year, which a jury could find violated the National Agreement. On a motion to alter or amend judgment, the moving party has the burden of establishing that the earlier judgment contained a clear error of law or a manifest injustice. *See, e.g., F.D.I.C. v. World University*, 978 F.2d 10 (1st Cir. 1992). In addition, a motion for reconsideration is not the proper place for an argument which the movant could have, but did not, make earlier in the case. *Id.* at 16 (noting that motions to reconsider may not be used to argue a new legal theory). Here, Plaintiff's argument regarding the duration of casual work in the flat sorter area was not raised in earlier pleadings, although it is apparently based on existing evidence

in the record. Further, Plaintiff does not describe where in the record this information appears. A parenthetical reference in Plaintiff's brief without any explanation or background does not meet Plaintiff's burden here.

Finally, Plaintiff argues that the Court should reconsider summary judgment because it failed to consider evidence of bad faith by the union officials involved in determining the settlement beneficiaries. The evidence of bad faith Plaintiff cites consists solely of the fact that the union officials benefitted from the settlement themselves and that limiting the numbers of other recipients served their own self-interest. The mere fact that the officials benefitted from the settlement is insufficient to create a genuine issue of fact, and Plaintiff offers no positive evidence to support its allegations of bad faith. Even viewed in the light most favorable to plaintiff, the facts and inferences here do not create a triable issue of bad faith.

Hence, none of Plaintiff's arguments in its Motion to Reconsider show that the Court made a clear error of law or committed a manifest injustice by granting summary judgment for the Defendant. Plaintiff's motion is therefore DENIED.

An appropriate order shall issue this day.

ENTERED: *[signature]*
U.S. District Judge

10-13-2005
Date